# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> RICKY LYNN THOMAS, <br><br> Defendant. | No. 18-CR-10-LRR <br><br> **ORDER** |

_____

## I. INTRODUCTION

The matter before the court is Defendant Ricky Lynn Thomas's "Motion to Dismiss" ("Motion") (docket no. 18).

## II. RELEVANT PROCEDURAL HISTORY

On February 22, 2018, a grand jury returned a one-count Indictment (docket no. 2) charging Defendant with failure to register as a sex offender, in violation of 18 U.S.C. § 2250(a). *See* Indictment at 1-2. On April 2, 2018, Defendant filed the Motion. On April 3, 2018, the government filed a Resistance (docket no. 19). The matter is fully submitted and ready for decision.

## III. STANDARD OF REVIEW

Federal Rule of Criminal Procedure 12(b) authorizes pretrial motions to present "any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). "A motion is capable of pretrial determination 'if trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity' of the motion." *United States v. Turner*, 842 F.3d 602, 604-05 (8th Cir. 2016) (quoting *United States v. Covington*, 395 U.S. 57, 60 (1969)). "[T]o be valid, an indictment must allege that the defendant performed acts which, if proven, constitute the violation of law for which he is charged. If the acts alleged in the

indictment do not constitute a violation of the law, the indictment is properly dismissed." *United States v. Polychron*, 841 F.2d 833, 834 (8th Cir. 1988). "The defense of failure of an indictment to charge an offense includes the claim that the statute apparently creating the offense is unconstitutional." *United States v. Seuss*, 474 F.2d 385, 387 n.2 (1st Cir. 1973).

## IV. ANALYSIS

Defendant is charged with failing to register as a sex offender as required by the Sex Offender Registration and Notification Act ("SORNA"), in violation of 18 U.S.C. § 2250(a). *See* Indictment at 1-2. In the Motion, Defendant argues that the court should find that SORNA "violate[s] the United States Constitution's Non-Delegation Doctrine." Brief in Support of Motion (docket no. 18-1) at 1-2. He argues that the court should find that SORNA is unconstitutional and dismiss the Indictment. *Id*. at 3.

The United States Constitution vests "[a]ll legislative [p]owers" in Congress. U.S. Const. art. I § 1. Congress may not "abdicate or . . . transfer to others the essential legislative functions with which it is thus vested." *Panama Ref. Co. v. Ryan*, 293 U.S. 388, 421 (1935). Congress is permitted, however, to delegate some authority to other persons or agencies if it provides "an intelligible principle to which the person or body authorized to [exercise the delegated authority] is directed to conform." *Mistretta v. United States*, 488 U.S. 361, 372 (1989) (alteration in original) (quoting *J.W. Hampton, Jr. & Co. v. United States*, 276 U.S. 394, 409 (1928)). "The Supreme Court has further clarified that Congress provides an intelligible principle 'if Congress clearly delineates the general policy, the public agency which is to apply it, and the boundaries of this delegated authority.'" *United States v. Kuehl*, 706 F.3d 917, 920 (8th Cir. 2013) (quoting *Am. Power & Light Co. v. Sec. & Exch. Comm'n*, 329 U.S. 90, 105 (1946)).

SORNA authorizes the United States Attorney General to determine whether its provisions apply to sex offenders convicted before its enactment. *See* 34 U.S.C.

2

§ 20913(d). Defendant argues that "the Attorney General has not received any guidance from Congress regarding how the Attorney General should exercise this delegation," and, thus, that the delegation lacks an "intelligible principle," rendering SORNA unconstitutional. Brief in Support of Motion at 2-3. Defendant's argument is contrary to binding authority. The Eighth Circuit has already found that "SORNA provides the Attorney General with an intelligible principle, and is a valid delegation of legislative authority." *Kuehl*, 706 F.3d at 920. The Eighth Circuit determined that "the congressional policy of SORNA, 'to protect the public from sex offenders and offenders against children' [is] . . . sufficient to provide an intelligible principle for delegation." *Id*. (quoting 42 U.S.C. § 16901 (now codified at 34 U.S.C. § 20913)).

Defendant offers no argument that the court is not bound by *Kuehl*. Indeed, Defendant acknowledged the binding nature of *Kuehl* in a prior motion, but requested permission to file the Motion untimely because the United States Supreme Court has recently granted certiorari in a case that addressed whether SORNA's "delegation of authority to the [A]ttorney [G]eneral. . . violates the non-delegation doctrine." Motion to File Untimely Motion to Dismiss (docket no. 16) at 1; *see also United States v. Grundy*, 695 F. App'x 639 (2d Cir. 2017), *cert. granted*, 86 U.S.L.W. 3438 (U.S. Mar. 5, 2018) (17-6086). The granting of certiorari does not disturb the binding nature of *Kuehl*. Absent a decision that overturns *Kuehl*, Defendant's argument is "foreclosed by Eighth Circuit precedent." *United States v. Manning*, 786 F.3d 684, 686 (8th Cir. 2015). Accordingly, the court shall deny the Motion.

## V. CONCLUSION

In light of the foregoing, the Motion to Dismiss (docket no. 18) is **DENIED**. **IT IS SO ORDERED.**

3

**DATED** this 1st day of June, 2018.

LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA